# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SANDOVAL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PHARMACARE US, INC.,<br><br>Defendant. | CASE NO. 15-cv-0738-H-JLB<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A RENEWED MOTION FOR CLASS CERTIFICATION AND DENYING RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>[Doc. Nos. 58, 59]<br><br>**(2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 63]<br><br>**(3) DENYING DEFENDANT'S MOTION FOR SANCTIONS**<br><br>[Doc. No. 71]<br><br>**(4) LIMITING THE USE OF PLAINTIFF'S REBUTTAL EXPERTS TO REBUTTAL**<br><br>[Doc. No. 71]<br><br>**(5) DENYING DEFENDANT'S MOTION TO STRIKE AS MOOT**<br><br>[Doc. No. 67]<br><br>**(6) DENYING AS MOOT PLAINTIFF'S MOTION TO EXCLUDE THE REPORT OF DEFENDANT'S EXPERT**<br><br>[Doc. No. 62] |

1    This order addresses six motions: Plaintiff's motion for leave to file a renewed
2 motion for class certification (Doc. No. 58), Plaintiff's renewed motion for class
3 certification (Doc. No. 59), Plaintiff's motion to exclude the report of Defendant's
4 expert (Doc. No. 62), Defendant's motion for summary judgment (Doc. No. 63),
5 Defendant's motion to strike Plaintiff's renewed motion for class certification (Doc. No.
6 67), and Defendant's motion to exclude Plaintiff's rebuttal experts and for sanctions
7 (Doc. No. 71).
8    For the reasons set forth below, the Court denies Plaintiff's motions regarding
9 class certification and grants Defendant's motion for summary judgment as to all claims
10 other than the Magnuson-Moss Warranty Act claim, which the Court dismisses for lack
11 of jurisdiction. Additionally, the Court denies Defendant's motion for sanctions but
12 limits Plaintiff's use of his rebuttal experts to rebuttal. The Court denies as moot
13 Defendant's motion to strike and denies as moot Plaintiff's motion to exclude the report
14 of Defendant's expert.

## BACKGROUND

16    Plaintiff John Sandoval filed this case on April 3, 2016. (Doc. No. 1.) He filed
17 the operative first amended complaint on July 11, 2015. (Doc. No. 9, "FAC.") Plaintiff
18 alleges that the labeling on Defendant's product IntenseX violates federal
19 and California law because IntenseX is an unapproved aphrodisiac drug and the label
20 claims are false or misleading. (Id.) He alleges that he bought IntenseX because he
21 sought a product that would enhance his sexual power and performance, but he did
22 not experience those benefits and IntenseX is incapable of providing those benefits.
23 (Id. ¶¶ 76–79.)
24    Plaintiff alleges violations of California's Unfair Competition Law ("UCL"),
25 Cal. Bus. & Prof. Code § 17200 et seq.; False Advertising Law ("FAL"), Cal. Bus.
26 & Prof. Code § 17500 et seq.; Consumer Legal Remedies Act ("CLRA"), Cal. Civ.
27 Code § 1770 et seq.; breach of express warranty; breach of the implied warranty
28 of merchantability; and violation of the federal Magnuson-Moss Warranty Act.

(FAC ¶¶ 99–146.) Plaintiff alleges jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). (FAC ¶ 1.)

On September 30, 2015, the Court denied Defendant's motion to dismiss and strike portions of Plaintiff's first amended complaint. (Doc. No. 17.) The Court concluded that the Food, Drug, and Cosmetic Act preempted Plaintiff's theory that the IntenseX label made impermissible disease claims but did not preempt Plaintiff's other theories. (Id. at 6–10.) The Court determined that many of the remaining claims were better suited for resolution at summary judgment. (Id. at 19.)

Defendant answered on October 14, 2015. (Doc. No. 21.) Following a case management conference, on December 2, 2015, the Court entered a scheduling order regulating discovery and pretrial proceedings. (Doc. No. 26.) On January 15, 2016, the Court entered an amended scheduling order. (Doc. No. 27.)

The amended scheduling order specified that all discovery, including expert discovery, must be complete by July 29, 2016. (Id. ¶ 2.) The order directed the parties to disclose their experts by May 27, 2016, and their rebuttal experts by June 29, 2016, and to comply with the corresponding disclosure requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure by those dates. (Id. ¶¶ 3–5.) Like the first scheduling order, the amended scheduling order specified further that any party that failed to make the required disclosures would not, absent substantial justification, be permitted to use the undisclosed evidence or testimony at any hearing or at trial, and could be subject to sanctions under Rule 37. (Id. ¶¶ 4, 6.) The order also specified that any motion for class certification had to be filed so as to be heard by April 25, 2016, and all other pretrial motions had to be filed so as to be heard by August 29, 2016. (Id. ¶¶ 7–8.) As a result, Plaintiff had until March 28, 2016, to move for class certification, and the parties had until August 1, 2016, to file all other pretrial motions. See Civ. L.R. 7.1(e)(1).

/ / /

/ / /

On March 11, 2016, Plaintiff filed an ex parte motion to extend the deadline to move for class certification. (Doc. No. 30.) Plaintiff did not indicate that he needed more time to designate his experts. (See id.) On March 22, 2016, the magistrate judge extended the deadline for Plaintiff to move for class certification. (Doc. No. 36.) She concluded that Plaintiff had not shown good cause for an extension but permitted a short extension, until April 11, 2016. (Id. at 3–6.)

On April 11, 2016, Plaintiff moved for certification of a nationwide class under California law challenging claims on the product label and the product website, for a period spanning more than a decade. (Doc. No. 39 at 12–13.) Defendant responded on May 2, 2016. (Doc. No. 45.) On May 4, 2016, Plaintiff filed an ex parte motion to continue the deadline to file a reply. (Doc. No. 46.) In requesting the extension, he did not indicate a need for more time to designate his experts. (See id.) On May 4, 2016, the Court granted the extension and continued the motion hearing. (Doc. No. 47.) On May 23, 2016, Plaintiff filed his reply in support of his motion for class certification. (Doc. No. 50.)

Two days later, on May 25, 2016, Plaintiff filed an ex parte motion to continue the deadline to designate expert witnesses. (Doc. No. 51.) Plaintiff noted that he had retained two experts: a scientist who would address the IntenseX efficacy claims, and a certified public accountant who would address damages. (Id. ¶ 2.) Plaintiff represented that he needed more time because he had not yet received all of the documents he needed for the expert damages report. (Id. ¶ 3.) Defendant opposed the motion. (Doc. No. 52.) The magistrate judge denied the motion that afternoon, as Plaintiff had not shown good cause for an extension. (Doc. No. 53.) On June 2, 2016, Plaintiff submitted a supplemental declaration in support of his motion for class certification. (Doc. No. 54 ¶¶ 2–3.)

On June 6, 2016, the Court held a hearing on the motion for class certification. (Doc. No. 55.) On June 10, 2016, the Court denied certification. (Doc. No. 56.) Among other difficulties, a classwide inference of reliance was not appropriate under

In re Tobacco II Cases, 46 Cal. 4th 298 (2009), because consumers were not exposed to a widespread, long-term common marketing campaign. (Id. at 8.) Additionally, Plaintiff did not submit sufficient evidence that the challenged representations were material to consumers, that any significant portion of consumers shared Plaintiff's understanding of the effects IntenseX would have, or that others similarly found the product lacking. (Id.) As for Plaintiff's theory that IntenseX is a mislabeled aphrodisiac, he had not shown that the regulation he relied on, which facially applies only to over-the-counter drugs, applied to a supplement like IntenseX. (Id. at 9.) Additionally, the Court noted choice-of-law problems with the proposed nationwide class, as well as difficulties with standing, the statutes of limitations, calculating the correct monetary remedy, and identifying class members. (Id. at 5–6, 9 n.3, 10–14.)

On July 29, 2016, Plaintiff filed his present motion for leave to file a renewed motion for class certification, a renewed motion for class certification, and a motion to exclude the report of Defendant's expert. (Doc. Nos. 58, 59, 62.) On August 1, 2016, Defendant moved for summary judgment. (Doc. No. 63.)

On August 3, 2016, Defendant filed an ex parte motion to strike Plaintiff's renewed motion for class certification or, alternatively, to stay the briefing schedule. (Doc. No. 67.) The Court declined to stay the briefing schedule and set Defendant's ex parte motion for hearing with the other motions. (Doc. No. 68.) In addition, the Court directed the parties to address the merits of Plaintiff's renewed motion for class certification as well as any timeliness issues, and also whether Plaintiff's experts are true rebuttal experts and satisfy the requirements under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). (Id.)

On August 15, 2016, Plaintiff responded to Defendant's motion for summary judgment and motion to strike Plaintiff's renewed motion for class certification (Doc. No. 70, 74), and Defendant responded to Plaintiff's motions and filed moved to exclude Plaintiff's rebuttal experts and for sanctions (Doc. Nos. 69, 71, 72, 73). On August 22, 2016, Plaintiff replied to Defendant's oppositions (Doc. Nos. 77, 78, 79), and

Defendant replied to Plaintiff's oppositions (Doc. Nos. 75, 76).  On August 24, 2016, Plaintiff responded to Defendant's motion to exclude Plaintiff's rebuttal experts and for sanctions.  (Doc. Nos. 80, 81.)

On August 25, 2016, the Court submitted all motions other than the motion for summary judgment under Civil Local Rule 7.1(d)(1).  (Doc. No. 82.)  On August 29, 2016, the Court held a hearing on the motion for summary judgment.  (Doc. No. 83.)  William Richards appeared for Plaintiff.  (Id.)  Patty Lee appeared for Defendant.  (Id.)

**DISCUSSION**

**A.   Class Certification**

Plaintiff requests leave to file a renewed motion for class certification and, for the second time, moves for class certification.  (Doc. Nos. 58, 59.)  He proposes certifying a narrower class than the one he proposed the first time he moved for class certification:

> All persons in California who purchased IntenseX manufactured and/or distributed by PharmaCare US, Inc. for personal, family, or household use, and not for resale, since January 20, 2011, but excluding officers, directors, or employees of Defendant, individuals who have received a refund of their purchase of IntenseX, and purchasers of IntenseX from Defendant's websites.

(Doc. No. 59 at 14.)  Plaintiff argues that this narrowed definition and other evidence cure the defects the Court identified in his original motion.  (Doc. No. 58.)

Exercising its discretion, under the circumstances of this case the Court declines to permit Plaintiff to move for class certification a second time.  As an initial matter, Plaintiff's motion is untimely under the case management scheduling orders.  The amended scheduling order required Plaintiff to file his motion for class certification by March 28, 2016.  (Doc. No. 27 ¶ 7); Civ. L.R. 7.1(e)(1).  The Court extended the deadline for Plaintiff to move for class certification until April 11, 2016, not for good cause but because Defendant had not timely responded to some of Plaintiff's recovery requests.  (Doc. No. 36.)  Plaintiff filed his renewed motion for class certification on July 29, 2016, more than three months past the extended deadline.  (Doc. No. 59.)

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

> Rule 16(b)' s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citations and internal quotation marks omitted). When the time to act has passed, on motion by a party, a court may extend time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Plaintiff's motion does not seek relief from the scheduling order and he has not shown good cause or diligence to extend the deadline to move for class certification. (See Doc. No. 58.) The Court notes that Plaintiff requested extensions of the deadlines for class certification and expert disclosures but never mentioned the evidence he now seeks to present. (See Doc. Nos. 30, 46, 51.)

Additionally, Plaintiff has not shown a sufficient basis for reconsideration of the order denying his previous motion for class certification. Plaintiff notes that Rule 23(c)(1)(C) of the Federal Rules of Civil Procedures provides: "An order that grants or denies class certification may be altered or amended before final judgment." (Doc. No. 58 at 3.)

After denying an initial motion for certification, however, courts are reluctant to allow parties a second run at certification absent a significant, unexpected change in circumstances to justify reconsideration of the original decision. See Newberg on Class Actions §§ 7:34–7:35 (5th ed.); Hartman v. United Bank Card, Inc., 291 F.R.D. 591, 597 (W.D. Wash. 2013); Gustafson v. BAC Home Loans Servicing, LP, 2014 WL 10988335, at *2 (C.D. Cal. Feb. 5, 2014). This approach avoids relitigation of issues that have already been litigated, "thereby incentivizing parties to put their best foot

forward at the outset and avoiding costly delays to the proceedings." Newberg on Class Actions § 7:35.

Reconsideration is generally appropriate only if there has been an intervening change in controlling law, clear error, or new evidence has become available. See 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). The plaintiff "must show some justification for filing a second motion, and not simply a desire to have a second or third run at the same issues." Hartman, 291 F.R.D. at 597; Gustafson, 2014 WL 10988335, at *2.

Reconsideration is not warranted here. The Court relied on well established rules regarding class certification when it denied the first motion. (See Doc. No. 56.) Plaintiff could have presented the narrowed definition in his first motion but chose not to. Moreover, he has not explained his failure to present his additional evidence with his first motion. Accordingly, exercising its discretion, the Court declines to permit Plaintiff a second run at class certification.

Additionally, even if the Court were to rule on Plaintiff's renewed motion, Plaintiff has not cured the central defects in his previous motion. (See Doc. No. 56.) Plaintiff offers an FDA enforcement letter involving a different product. (Doc. No. 59 at 12 & Doc. No. 59-1, Exhs. 1–3.) But Plaintiff has not shown that the enforcement letter applies to the IntenseX label.[1] (Doc. No. 59-1 Exh. 1 at 3.) Plaintiff's purported rebuttal expert on materiality and the perception of the reasonable consumer is not being used for rebuttal. (See Doc. No. 59.) And, in any event, his opinion is not proper expert opinion. (See Doc. No. 59-1, Exh. 6); Daubert v Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Accordingly, the Court denies Plaintiff's motion for leave

---

[1] Plaintiff testified at his deposition that he bought IntenseX in stores on two occasions and, although he saw the website between purchases, it had "no effect" on his decision to buy IntenseX again. (Doc. No. 63-4 at 56:16–58:4; Doc. No. 63-5 at 8:9–9:18, 14:13–15:19.) Defendant submitted the declaration of its marketing manager stating that the product website never contained any customer reviews. (Doc. No. 63-9 ¶ 4). Additionally, Plaintiff's narrowed proposed class excludes website purchasers. (Doc. No. 59 at 14.)

to file a renewed motion for class certification, and denies his renewed motion for class certification.[2]  (Doc. Nos. 58, 59.)

**B.     Motion for Summary Judgment**

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A fact is material if it could affect the outcome of the case under the governing substantive law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at 323.  There are two ways to satisfy this burden:  (1) presenting evidence that negates an essential element of the nonmoving party's case; or (2) demonstrating that the nonmoving party failed to establish an essential element that the nonmoving party bears the burden of proving at trial.  See id. at 322–23.  Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to "set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial."  T.W. Elec. Serv., 809 F.2d at 630 (internal quotation marks omitted).  To carry its burden, the non-moving party "may not rest upon mere allegations or denials of his pleadings."  Anderson, 477 U.S. at 256.  Rather, the non-moving party "must present affirmative evidence . . . from which a jury might return a verdict in his favor."  Id.

///

---

[2]  Plaintiff has not shown good cause to vary from the case management scheduling order, but the Court denies as moot Defendant's motion to strike Plaintiff's renewed motion for class certification. (Doc. No. 67.)

### 1.     UCL, FAL, and CLRA Claims

Plaintiff asserts claims under the UCL, FAL, and CLRA.  (FAC ¶¶ 99–125.)  Defendant contends that it is entitled to summary judgment on these claims because Plaintiff cannot challenge the statements on the IntenseX website, the statements on the IntenseX label are not actionable, and Plaintiff is not entitled to the remedies he prays for in his first amended complaint. (Doc. No. 63-1 at 11–16.)  Plaintiff opposes. (Doc. No. 70 at 11–26.)

Regarding the statements on the IntenseX website, Defendant points out that "actual reliance" is a necessary element of a fraud claim under the UCL, FAL, and CLRA.  See Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 326 (2011); In re Tobacco II Cases, 46 Cal. 4th 298, 326 (2009); Sevidal v. Target Corp., 189 Cal. App. 4th 905, 928 (2010).  Plaintiff testified at his deposition that he bought IntenseX in stores on two occasions and, although he saw the website between purchases, it had "no effect" on his decision to buy IntenseX again. (Doc. No. 63-4 at 56:16–58:4; Doc. No. 63-5 at 8:9–9:18, 14:13–15:19.) Moreover, Plaintiff testified that he only looked at the reviews on the website.  (Doc. No. 65-3 at 14:13–14:25.)  Defendant submitted the declaration of its marketing manager stating that the product website never contained any customer reviews. (Doc. No. 63-9 ¶ 4).  As a result, Plaintiff cannot premise his fraud claims on the statements on the product website.

Plaintiff argues that he does not need to show reliance for his "unlawful" claims because "illegalness is considered material." (Doc. No. 70 at 16.)  But his authority does not stand for such a broad rule.  See In re Steroid Hormone Prod. Cases, 181 Cal. App. 4th 145, 157 (2010) (holding that reasonable person would find it material that the product was "unlawful to sell or possess").  Moreover, Plaintiff's "unlawful" claims are premised on fraud, hence subject to the "actual reliance" requirement like any other fraud claim.  See Kwikset Corp., 51 Cal. 4th at 326 n.9.  Accordingly, the Court grants judgment for Defendant on Plaintiff's theories related to the claims on the IntenseX website.

As for Plaintiff's claims that the IntenseX label is false and misleading, Defendant argues that the statements on the label are too generalized and vague to be actionable. (Doc. No. 63-1 at 12–13.) Claims of false or misleading advertising are governed by the "reasonable consumer" test. Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir.2008). To satisfy the test, a plaintiff must show that "members of the public are likely to be deceived." Freeman v. Time, Inc., 68 F.3d 285, 289 (9th Cir.1995). "Likely to be deceived" means that "it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496, 508 (2003). "[I]f the alleged misrepresentation, in context, is such that no reasonable consumer could be misled, then the allegation may . . . be dismissed as a matter of law." Haskell v. Time, Inc., 857 F. Supp. 1392, 1399 (E.D. Cal. 1994).

Moreover, Plaintiff has a claim for false advertising only to the extent the product claims are false or misleading, as opposed to merely unsubstantiated. See In re Clorox Consumer Litig., 894 F. Supp. 2d 1224, 1232 (N.D. Cal. 2012) ("Consumer claims for a lack of substantiation are not cognizable under California law."); Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc., 107 Cal. App. 4th 1336, 1345 (2003) ("Private plaintiffs are not authorized to demand substantiation for advertising claims."). The plaintiff can carry his burden of showing that claims are false with studies showing that a statement is false. See Bronson v. Johnson & Johnson, Inc., 2013 WL 1629191, at *8 (N.D. Cal. Apr. 16, 2013). However, "reliance on a lack of scientific evidence or inconclusive, rather than contradictory, evidence is not sufficient." Id.

The IntenseX label bears the IntenseX logo and statements including "Sexual Power & Performance," "Fast Acting!" and "designed to intensify your endurance, stamina, and sexual performance." (Doc. No. 71-1, Exh. 1.) As Plaintiff's own expert points out, however, "the vague language used with respect to IntenseX effects on sexuality ('sexual power and performance') has no support as such terms remain

scientifically undefined and therefore untestable." (Doc. No. 70-1, Exh. 4 ¶ 26.) The Court agrees that the statements on the IntenseX label are too vague, general, and subjective to be actionable.

Next, Defendant argues that it is entitled to summary judgment on Plaintiff's claim that IntenseX is unlawful because its label makes impermissible "disease" claims. (Doc. No. 63-1 at 12.) In the September 30, 2015 order on Defendant's motion to dismiss and strike Plaintiff's first amended complaint, the Court concluded that the Food, Drug, and Cosmetic Act preempts Plaintiff's theory that the IntenseX label makes impermissible "disease" claims. (Doc. No. 17 at 6–8.) Accordingly, the Court grants judgment for Defendant on this claim.

Similarly, in the order on Plaintiff's first motion for class certification, the Court noted that the regulation Plaintiff relies on to contend that IntenseX is a mislabeled aphrodisiac drug, 21 C.F.R. § 310.528 facially applies only to over-the-counter drugs, and that over-the-counter drugs and supplements are subject to different regulatory schemes. (Doc. No. 56 at 9.) Plaintiff contends that an FDA enforcement letter for another product shows that the FDA applies the regulation to supplements. (Doc. No. 59 at 12–13, 23.)[3]  But Plaintiff has not shown that the regulation applies to IntenseX. Accordingly, the Court grants summary judgment for Defendant on Plaintiff's claims under the UCL, FAL, and CLRA.

### 2. State-Law Warranty Claims

Plaintiff asserts claims under state law for breach of express warranty and breach of the implied warranty of merchantability. (FAC ¶¶ 126–36.) Defendant points out, correctly, that Plaintiff cannot rest his express warranty claim on the statements on the IntenseX website. (Doc. No. 63-1 at 18.) Plaintiff testified at his deposition that he did not buy IntenseX from Defendant and did not rely on the statements on the IntenseX

---

[3] The parties addressed this theory in their briefing on the motions related to Plaintiff's renewed motion for class certification.  The Court notes that Defendant moves for summary judgment on all of Plaintiff's claims. (Doc. No. 63 at 3.)

website when making his purchases. (Doc. No. 63-5 at 8:9–9:18, 14:13–15:19.) "[I]n the absence of privity, California law requires a showing that a plaintiff relied on an alleged omission or misrepresentation." Keegan v. Am. Honda Motor Co., 284 F.R.D. 504, 546 (C.D. Cal. 2012).

As for warranties created by the IntenseX label, Defendant argues that Plaintiff cannot establish that the label created a warranty and that Plaintiff did not reasonably rely on the statements that purportedly created a warranty. (Doc. No. 63-1 at 17–19.)

Any affirmation of fact or promise relating to a product or any description of the product that becomes part of the basis of the bargain creates an express warranty that the product will conform to the affirmation, promise, or description. See Hauter v. Zogarts, 14 Cal. 3d 104, 115 n.9 (1975). An express warranty claim requires the plaintiff to prove a warranty has been breached. See Scott v. Metabolife Int'l, Inc., 115 Cal. App. 4th 404, 415–16 (2004). Similarly, a plaintiff who claims a breach of the implied warranty of merchantability must show that the product did not "conform to the promises or affirmations of fact made on the container or label," or was not "fit for the ordinary use for which such goods are used." Hauter, 14 Cal. 3d at 117–18.

These claims, like Plaintiff's UCL, FAL, and CLRA claims, rely on the theory that the label made promises that were not true. They fall short for the same reasons. Accordingly, the Court grants judgment for Defendant on Plaintiff's warranty claims.

**3.  Magnuson-Moss Warranty Act Claim**

Last, Plaintiff asserts a claim under the federal Magnuson-Moss Warranty Act. (FAC ¶¶ 137–46.) As Defendant points out, however, the Magnuson-Moss Warranty Act has a jurisdictional minimum that Plaintiff's claim does not satisfy:

> No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection—
>
> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
>
> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or

(C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. § 2310(d)(3).

This case is no longer a putative class action, and Plaintiff said at his deposition that he bought IntenseX for $9.99 twice. (Doc. No. 63-4 at 42:16–42:17; Doc. No. 63-5 at 25:14–25:19.) As a result, this Court lacks jurisdiction over Plaintiff's Magnuson-Moss warranty claim and dismisses it on that basis.[4]

**C.      Motion to Exclude Plaintiff's Rebuttal Experts and For Sanctions**

Defendant moves to exclude Plaintiff's experts because they are not proper rebuttal experts and asks the Court to sanction Plaintiff by excluding the improper rebuttal opinions and ordering Plaintiff to pay the legal expenses Defendant incurred in moving to exclude Plaintiff's experts and in opposing Plaintiff's renewed motion for class certification. (Doc. No. 71.)

Exercising its discretion, the Court declines to issue sanctions and construes the filings on the motion as supplemental briefing on the other pending motions. The Court requested briefing on whether Plaintiff's rebuttal experts satisfy the requirements of <u>Daubert v Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), and whether any part of Plaintiff's "rebuttal" reports are rebuttal within the meaning of Federal Rule of Civil Procedure 26(a)(2)(D)(ii). (Doc. No. 68 at 2.) The Court did not invite a motion for sanctions. Additionally, Defendant's motion did not comply with Civil Local Rules 7.1(b) and (e)(1).

However, the scheduling orders plainly specified that any party that failed to make the required disclosures would not, absent substantial justification, be permitted to use the undisclosed evidence or testimony at any hearing or at trial. (Doc. No. 26 ¶¶ 4, 6; Doc. No. 27 ¶¶ 4, 6.) Plaintiff did not disclose Dr. Belch, his consumer expert, by

---

[4] The Court denies as moot Plaintiff's motion to exclude the report of Defendant's expert. (Doc. No. 62.) Defendant did not use the report to support its motion for summary judgment, which the Court has granted.

the May 27, 2016 deadline for disclosing affirmative experts. (Doc. No. 71 at 10; Doc. No. 71-1 ¶¶ 2–7.) Plaintiff concedes that he is attempting to use the purported rebuttal for purposes other than rebuttal. (Doc. No. 80 at 5.) And, while Plaintiff did disclose his other expert, Dr. Rowland, by the May 27, 2016 deadline (Doc. No. 71-1 ¶ 2), Plaintiff relies on the purported rebuttal to carry his positive burdens at class certification and summary judgment. Plaintiff cannot cure the untimeliness of his disclosures by deeming the reports rebuttal when they are not.

"Decisions concerning the use of rebuttal evidence lie within the sound discretion of the trial court." United States v. Pheaster, 544 F.2d 353, 383 (9th Cir. 1976.) Exercising its discretion, and pursuant to the scheduling order, the Court permits Plaintiff to use his rebuttal reports only to the extent they are true rebuttal.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motions regarding class certification (Doc. Nos. 58, 59), and grants Defendant's motion for summary judgment as to all claims other than the Magnuson-Moss Warranty Act claim, which the Court dismisses for lack of jurisdiction (Doc. No. 63). Additionally, the Court denies Defendant's motion for sanctions and to exclude Plaintiff's rebuttal experts, but limits Plaintiff to using his rebuttal experts for rebuttal. (Doc. No. 71.) The Court denies as moot Defendant's motion to strike Plaintiff's renewed motion for class certification (Doc. No. 67) and denies as moto Plaintiff's motion to exclude the report of Defendant's expert (Doc. No. 62).

**IT IS SO ORDERED.**

DATED: August 29, 2016

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT