# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SANDOVAL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PHARMACARE US, INC.,<br><br>Defendant. | Case No.: 3:15-cv-0738-H-JLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RETAX COSTS OR STAY AWARD PENDING APPEAL**<br><br>[Doc. No. 93] |

On April 3, 2015, Plaintiff filed a complaint, alleging that Defendant violated various federal and state statutes through the marketing of its product, IntenseX. (Doc. No. 1.) On July 11, 2015, Plaintiff filed the operative first amended complaint. (Doc. No. 9.) On August 30, 2016, the Court granted summary judgment in favor of Defendant, (Doc. No. 84), and the Clerk's Judgment issued on August 31, 2016, (Doc. No. 85). Plaintiff filed a notice of appeal. (Doc. No. 87.) On September 8, 2016, Defendant filed a bill of costs, seeking to recover $3,366.44. (Doc. No. 86.) Plaintiff filed an objection to the bill of costs, (Doc. No. 91), and, after a hearing, the Clerk of the Court concluded that only $1,950.10 should be taxed in favor of Defendant, (Doc. No. 92). On October 3, 2016, Plaintiff filed a motion to retax costs or stay payment pending appeal. (Doc. No. 93.) On October 24, 2016, Defendant filed a response in opposition to Plaintiff's motion. (Doc. No. 95.)

# DISCUSSION

## I. RETAXING COSTS

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); see also CivLR 54.1(a) ("Unless otherwise ordered by the court, or stipulated by the parties, the prevailing party is entitled to costs."). This rule creates a presumption in favor of awarding costs to the prevailing party. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999); Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003). District courts have the discretion to overcome this presumption, but may only do so in cases that are "extraordinary" and it would be "inappropriate or inequitable to award costs." Ass'n of Mexican-American Educators v. State of California, 231 F.3d 572, 593 (9th Cir. 2000). "Proper grounds for denying costs include (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance." Quan v. Computer Sciences Corp., 623 F.3d 870, 888-89 (9th Cir. 2010) (quoting Champion Produce, Inc., 342 F.3d at 1022) (internal quotation marks omitted) (abrogated on other grounds by Fifth Third Bancorp v. Dudenhoeffer, 134 S.Ct. 2459 (2014)). "[W]hether to award costs ultimately lies within the sound discretion of the district court." Marx v. Gen. Revenue Corp., 133 S.Ct. 1166, 1172-73 (2013). The Court finds no reason to deviate from the presumption of Rule 54(d).

Plaintiff argues that his limited financial resources support the denial of costs. (Doc. No. 93 at 4.) However, the cases Plaintiff cites do not support such a finding here. In Hunter v. City & County of San Francisco, 2013 WL 6088409 (N.D. Cal. Nov. 19, 2013), the plaintiff seeking a denial of costs had an outstanding Internal Revenue Service debt of $11,000, had been unemployed for nearly three years, and due to "mental health

issues and criminal history" would have difficulties obtaining future full-time employment.  Id. at *2.  Similarly, in Washburn v. Fagan, 2008 WL 361048 (N.D. Cal. Feb. 11, 2008), the plaintiff showed financial hardship going beyond anything Plaintiff has alleged here.  Id. at *2 ("As Plaintiff argues, he lives 'hand to mouth' and, in his appeal of this case, the Ninth Circuit approved his application to proceed *in forma pauperis*.").  In contrast to the financial hardship in the cases Plaintiff cites, Plaintiff currently works as a consultant on a contractual basis.  (Doc. No. 93 at 4.)  This is not enough.  See Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1248 (9th Cir. 2014) ("Costs are properly denied when a plaintiff 'would be rendered indigent should [he] be forced to pay' the amount assessed.") (quoting Stanley, 178 F.3d at 1080).

Plaintiff also argues that the Court should deny costs to avoid chilling public interest litigation.  (Doc. No. 93 at 5-6.)  When listing this consideration in Quan, the Ninth Circuit described the chilling only in the context of civil rights litigation.  Quan, 623 F.3d at 888-89 ("the chilling effect of imposing . . . high costs on future civil rights litigants").  Plaintiff cites one case, Klamath Siskiyou Wildlands Center v. Grantham, 2013 WL 3283490 (E.D. Cal. June 27, 2013), for the proposition that district courts have applied the same logic to "public interest cases not involving civil rights laws."  (Doc. No. 93 at 5-6.)  But this case does not help him.  Although the Klamath court considered a similar argument, the Court ultimately found that "costs in the amount of $2,752.70 are neither excessive nor chilling."  Klamath, 2013 WL 3283490, at *2.  Because the amount at issue here is even less, $1,950.10, and given the positions of the parties, the Court does not find it would chill litigation.

Finally, the Court rejects Plaintiff's additional arguments that have no case support.  In sum, all of Plaintiff's arguments are insufficient in light of the record.  See Ass'n of Mexican-American Educators, 231 F.3d at 593 (denying costs only appropriate in "extraordinary" cases).

///

///

## II. STAY OF AWARD

"Except as otherwise provided by law, costs will be taxed on the date set notwithstanding the fact that an appeal may have been filed." CivLR 54.1(g)(5). "In assessing whether to issue a stay pending appeal, courts consider (1) whether the stay applicant has made a strong showing he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." Waine-Golston v. Time Warner Entertainment-Advance/New House P'ship, 2013 WL 1899928, at *1 (S.D. Cal. May 7, 2013).

Plaintiff asks the Court, in the alternative, to stay either consideration of this motion or payment of costs pending appeal. The Court sees no reason to deviate from the general rule established by Civil Local Rule 54.1 and denies Plaintiff's request for a stay.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion to retax costs or stay the award of costs. (Doc. No. 93.)

**IT IS SO ORDERED.**

DATED: November 2, 2016

_____
Hon. Marilyn L. Huff
United States District Judge